UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW THOMAS JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SGT. VIGIL, et al.,<br><br>  Defendants. | Case No. 23-cv-01078-JST<br><br>**ORDER OF DISMISSAL**<br>Re: ECF Nos. 4, 7, 8 |

Plaintiff, an inmate at San Francisco County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (ECF No. 4) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a
6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
7  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
8  U.S. 42, 48 (1988).

### B. Procedural History

Plaintiff commenced this action or around March 10, 2023, by filing a complaint against San Francisco Assistant District Attorney Anupa George and San Francisco Superior Court Judge Bruce Chan. ECF No. 1. He alleged that Judge Chan and ADA George violated his civil rights in his August 22, 2022 preliminary hearing when Judge Chan allowed Sgt. John Cunnie to testify as a prosecution witness despite Sgt. Cunnie's uncle being friendly with Judge Chan; when ADA George did not object to the conflict of interest; and when Judge Chan held Plaintiff to answer on all counts without bail despite evidence that Plaintiff had no connection to the charged acts and Plaintiff is not a flight risk and has no criminal tendencies. *See generally* ECF No. 1. On March 15, 2023, Plaintiff filed an amended complaint titled "Amended Complaint, Supplemental Complaint," against Sgt. Vigil and the San Francisco County Jail CJ2, alleging that on March 12 and 13, 2023, Sgt. Vigil was deliberately indifferent to his serious medical needs by housing in high-stress cells, in retaliation for Plaintiff filing C No. 23-cv-843 JST. ECF No. 4. On March 23, 2023, Plaintiff filed a 3-page pleading titled "Request for amended/supplemental complaint, Request for 'TRO' injunction," wherein he alleges that his legal mail has been opened twice. ECF No. 7.

Fed. R. Civ. P. 15(a)(1) allows a litigant to amend the complaint once within 21 days after serving it. Fed. R. Civ. P. 15(a)(1). All other amendments require leave of court or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The amended complaint (ECF No. 4) does not require leave of court because it was filed within 21 days of the filing of the initial complaint

1  (ECF No. 1). However, an amended complaint completely replaces the previous complaints. *See*
2  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). The amended complaint (ECF No. 4)
3  therefore replaces the initial complaint (ECF No. 1), and renders the initial complaint without legal
4  effect. Accordingly, any defendants named in the initial complaint but not named in the amended
5  complaint are no longer named defendants in this action; and any legal claims asserted in the
6  initial complaint but not asserted in the amended complaint are waived. *See id.* In other words,
7  the only operative complaint is ECF No. 4, and ECF No. 1 will not be considered by the Court.
8  The Court therefore only screens ECF No. 4.

9        ECF No. 4 may not serve as a supplemental complaint because Plaintiff has not obtained
10 leave of court to file a supplemental complaint and because the matters raised in ECF No. 4 are
11 distinct from the matters raised in ECF No. 1. *See* Fed. R. Civ. P. 12(d) (a party must obtain leave
12 of court to file supplemental pleading setting out any transaction, occurrence, or event that
13 happened after date of pleading to be supplemented); *Planned Parenthood of So. Arizona v. Neely*,
14 130 F.3d 400, 402 (9th Cir. 1997) (supplemental pleading cannot be used to introduce a separate,
15 distinct and new cause of action that should be subject of separate suit); *Keith v. Volpe*, 858 F.2d
16 467, 474 (9th Cir. 1988) (matters newly alleged in supplemental complaint must have some
17 relation to claims set forth in original pleading).

18 **C.  Dismissal without Prejudice**

19       This action is DISMISSED because it is clear from the face of the amended complaint that
20 Plaintiff has not exhausted his administrative remedies. The Prison Litigation Reform Act of
21 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to
22 provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §
23 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
24 facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
25 Here, the relevant events took place on March 12 and 13, 2023, *see generally* ECF No. 4; Plaintiff
26 reports filing an informal appeal on March 12, 2023 at 10:00 p.m., *see id.* at 1-2; signed the
27 amended complaint on March 13, 2023, *see id.* at 3; and mailed the amended complaint on March
28 14, 2023, *see id.* at 4-1. Plaintiff reports that he had not received a response to his grievance as of

March 13, 2023.  *See id.* at 1.  However, correctional officials' failure to respond to Plaintiff's informal appeal within one day does not show that they have made administrative remedies unavailable to him or that Plaintiff exhausted all levels of the jail grievance system.  Plaintiff reports that he did not receive any responses to his first formal level grievance, his second formal level grievance, and his third formal level grievance.  *See id.* at 1-2.  However, it is implausible that Plaintiff filed grievances at each level, received a response at each level, and appealed the response, all within a 24-hour period.  The dismissal is without prejudice to Plaintiff filing a new action when he has exhausted his administrative remedies.[1]

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint without prejudice for failure to exhaust administrative remedies.  Plaintiff's request for an additional amended/supplemental complaint and a "TRO" injunction (ECF No. 7) and for an order to show cause (ECF No. 8) are therefore DENIED as moot.  The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

This order terminates ECF Nos. 7, 8.

**IT IS SO ORDERED.**

Dated:  August 1, 2023

_____
JON S. TIGAR
United States District Judge

---

[1] Even if Plaintiff were to proceed solely on his original complaint, the Court would be required to dismiss the action with prejudice.  The original complaint alleged that ADA George and Judge Chan violated Plaintiff's civil rights during his August 2022 preliminary hearing.  The claims against ADA George and Judge Chan are barred by prosecutorial immunity and judicial immunity respectively.  *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (state prosecuting attorney enjoys absolute immunity from 42 U.S.C. § 1983 liability for conduct in pursuing criminal prosecution insofar as he acts within his role as advocate for State and actions are intimately associated with judicial phase of criminal process); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (state judge absolutely immune from civil liability for damages for acts performed in his judicial capacity; applying judicial immunity to 42 U.S.C. § 1983 action); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (judicial immunity is immunity from suit for damages, not just from ultimate assessment of damages).